■ In the Matter of George Hersh, Deceased. Esther Rachel Hersh, Respondent; Mark Hersh, Appellant. [957 NYS2d 901]—In a probate proceeding in which Esther Rachel Hersh, as executor and cotrustee of the estate of George Hersh, petitioned, inter alia, pursuant to SCPA 711 to remove Mark Hersh as a cotrustee of the George Hersh Credit Shelter Trust, Mark Hersh appeals from so much of an order of the Surrogate's Court, Queens County (Kelly, S.), dated June 15, 2011, as denied those branches of his motion which were to dismiss the petition on the grounds that the Surrogate's Court lacks subject matter jurisdiction over the claims alleged in the petition, and in the

interest of judicial economy, or to transfer the petition to the Supreme Court in the interest of judicial economy.

Ordered the order is affirmed insofar as appealed from, with costs payable by the appellant personally.

As an initial matter, under the circumstances, there is no merit to the contention of Esther Rachel Hersh that the appeal should be dismissed on the ground that the record on appeal does not contain all of the relevant papers before the Surrogate's Court (*see Chateau Rive Corp. v Enclave Dev. Assoc.*, 22 AD3d 445, 447 [2005]).

The Surrogate's Court correctly determined that it has subject matter jurisdiction over the instant petition (*see Matter of Hersh*, 102 AD3d 871 [2013] [decided herewith]; *Matter of Hersh*, 102 AD3d 872 [2013] [decided herewith]). Moreover, there is no merit to the appellant's contention that, in the interest of judicial economy, the Surrogate's Court should have dismissed the instant petition or transferred it to the Supreme Court such that all three petitions may be heard in that court.

The appellant's remaining contentions are without merit or need not be reached in light of the foregoing. Rivera, J.P., Chambers, Roman and Cohen, JJ., concur.